**LEE v. NICKELBERRY.    (No. 2744.)**

(Court of Civil Appeals of Texas.    Texarkana.
Oct. 11, 1923.)

1. Boundaries ⊚⟿37(3)—Evidence held insufficient to sustain finding of court as to location of line.

In an action to establish on the ground a boundary line between two tracts of land, evidence *held* insufficient to sustain the court's finding that an old fence line, which was concededly the correct boundary, was a specified distance south of a newly erected fence.

2. Boundaries ⊚⟿33—Burden of proof on plaintiff, seeking to locate boundary.

In an action to locate a particular boundary line, the burden of proof is on plaintiff.

Appeal from District Court, Cass County; R. T. Wilkinson, Judge.

Action by Bob Nickelberry against Young Lee.    Judgment for plaintiff, and defendant appeals.    Reversed and remanded.

The suit is to locate on the ground a boundary line between the two tracts of land in suit. The plaintiff, who is the appellee here, owns 165 acres of land of the John Aaron survey, and the defendant, who is the appellant here owns about 97 acres of land of the William Irvin survey, in Cass county, Tex. The plaintiff acquired his land by deed of date December 17, 1914, and the defendant acquired his land by deed of date January 7, 1911; both deeds being legally registered in the office of the county clerk. The deeds of the parties contain a call to run with "the dividing line of the Aaron and the Irvin surveys." The plaintiff's land is on the north of and adjoins the defendant's land on the south; the south boundary line of the John Aaron survey and the north line of the William Irvin survey being the boundary line that is called for in the deeds between the respective tracts of land. The parties do not claim that the dividing line of the John Aaron and the William Irvin surveys is not the true boundary line between their respective tracts of land. The controversy is entirely concerning where the true boundary line between these two patented surveys lies on the ground.

The evidence shows, and it is practically admitted, that in the year 1870 the then owners of these two tracts of land, desiring to clear off the timber and open up and cultivate the land, built a joint fence running east and west entirely across the lands. The owners undertook to lay, and considered that they were laying, the fence on and along the dividing line, as run by the surveyor, of the two patented surveys and the line called for in their deeds. This fence, so built and laid on the ground, was recognized as being on the true boundary line, as called for in the patents and the deeds, by the subsequent respective owners of the same lands. The fence was kept up for a number of years after it was built, and all the witnesses who know anything about it testify that "the old fence row," as they call it, can now be found on the ground, and that evidences of it were still there on the ground at the date of the trial. It seems that shortly before this suit was filed, in March, 1918, the defendant built a wire fence extending east and west across the length of the land in suit. The erection of this fence brought about the present litigation. In the trial the plaintiff insisted that this "new fence," as it is termed in the evidence, was not on and along "the old fence row," but wholly upon his land. The defendant insisted on the trial that "the new fence is on and along" the old fence row. The court, in a trial before him without a jury, made the findings of fact.

(1) That "the north boundary line of the William Irvin survey and the south boundary line of the John Aaron survey is the division line between plaintiff and defendant," and (2) that "the original line, which is the boundary line between the plaintiff and the defendant, lies 34 varas south from the fence built by defendant where it intersects his west boundary line."

The court then decreed the dividing line between the lands of the parties to be "the line between the William Irvin survey and the John Aaron survey," and directed that such line be fixed and established on the ground as follows:

"To be on the old fence row placed there about the year 1870 between the plaintiff's and the defendant's land, said old fence row being 34 varas south of the new fence."

Elmer L. Lincoln, of Texarkana, for appellant.

Bartlett & Patman, of Linden, for appellee.

LEVY, J. (after stating the facts as above). [1] The appellant challenges only the correctness of the foregoing finding of fact and that portion of the judgment reading, "said old fence row being 34 varas S. of the new fence." The proposition is that the testimony does not support the finding of the court. It is concluded that appellant's contention should be sustained. On the part of the appellant and his witnesses the testimony had to do with the fact that "the old fence row," originally made in 1870, was the true headright survey line, and his "new fence," made lately, is built practically on this "old fence row." On the part of appellee and his witnesses the testimony had to do with the fact that "the old fence row" was the true headright survey line, and with the further fact that appellant's present fence, as located, is not on "the old fence row," and that the strip of land the appellant is trying to claim is north of "the old fence row."

⊚⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[2] But we are unable to find in the statement of facts any evidence to show or going to show that this "old fence row" is 34 varas," or any stated distance, south of "the new fence." The burden of proof was upon the appellee. It appears that a map was used in the trial court, and the witnesses testify to lines in the map; but distances are not stated, and the map does not appear on appeal.

On the proof as made in the record, we can do no other than reverse the judgment and remand the cause, which is accordingly done.